CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, ET AL., V.
C. B. THOMPSON.

No. 1578.   Decided November 14, 1906.

**1.—Foreign Law—Contract to Give Notice of Claim for Damages.**

A contract by a railway employe in Oklahoma that he would give notice within thirty days from receiving any injury of his claim for damages, and that failure so to do would bar any suit for their recovery, whether considered as putting an end to liability or as preventing its accrual, affected the right of recovery, and not merely the remedy, and was not invalidated by the Texas statute avoiding such contracts (Rev. Stats., art. 3379) when suit was brought in Texas.   (Pp. 187–190.)

**2.—Same—Legislative Power.**

The statutes of a state have no extraterritorial operation; and article 3379, Revised Statutes, can not be presumed to have been intended to apply to contracts made and to be performed in another State.   (P. 189.)

**3.—Same—Comity.**

It is only by comity that our courts enforce a cause of action arising in and between citizens of another state; and though the Legislature might forbid the extension of such comity to the enforcement of certain foreign contracts, it had no power to make void a valid foreign contract, nor to enable our courts to render judgment for plaintiff on a cause of action as accruing in Oklahoma when not actionable by the laws of that Territory.   (P. 189.)

**4.—Contract—Reasonableness.**

The unreasonableness of a contract to give notice of a claim for damages was not involved in a ruling which excluded the contract from the evidence because invalidated by the statute of the State; such issue was one to be determined by proof after its admission.   (P. 190.)

**5.—Contract—Place of Performance.**

The right of a servant to recover for personal injuries received in Oklahoma, under a contract of employment made and performed there, is governed, as to the effect of his failure to give notice of his claim, as agreed in his contract, by the laws of Oklahoma, though the contract was to give notice at the general office of the company, at Topeka, Kansas.   (P. 190.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Thompson sued the railway company, and recovered.   Defendant appealed, and, on affirmance, obtained writ of error.

*N. H. Lassiter, Robert Harrison* and *J. H. Barwise, Jr.,* for plaintiff in error.—The plaintiff contracted, in his application for employment, if injured while in the service of the company, that he would give notice of any claim for injuries to the general attorney of the defendant, at Topeka, Kansas, within thirty days from the date of the injury, so that such claim might be fully and fairly investigated, and agreed that his failure to give such notice in the manner and within the time mentioned, should bar him from any suit on account of such injuries. This agreement was made in consideration of receiving employment by the defendant company, and it is a valid contract and agreement; and the

plaintiff's failure to comply therewith is a complete defense to this suit. The evidence seeking to submit this issue to the jury should have been admitted. Riddlesbarger v. Hartford Co., 7 Wall., 386-392; Phenix Ins. Co. v. Willis, 70 Texas, 15; Healy v. Blake Mfg. Co., 62 N. E. Rep., 270; Hazel v. Chicago, M. & St. P. Ry. Co., 82 Iowa, 477; Lange v. Union Pac. Ry. Co., 126 Fed. Rep., 338; Crosby v. Lehigh V. Ry. Co., 128 Fed. Rep., 193.

Thompson's contract to give notice to the company within thirty days was a condition precedent to the accrual of a cause of action, and, on account of his failure to give this notice, he never had a cause of action, and his petition, in failing to allege performance of this condition precedent, never stated a cause of action. 1 Cyclopedia of Law and Proc., p. 692, and notes thereunder; City of Fort Worth v. Shero, 41 S. W. Rep., 704; Meisenheimer v. Kellogg, 81 N. W. Rep., 1033; Weeks v. O'Brien, 36 N. E. Rep., 186.

*Stewart & Templeton,* for defendant in error.—The stipulation in question relative to the giving of notice of plaintiff's claim for damages, was in the nature of a rule of limitation fixed by the alleged agreement of the parties, which rule relates merely to the remedy, and same does not affect the right or cause of action. Such stipulation will be governed by the law of the forum; and, since it is in violation of the laws of Texas governing such notices, it is void, and the trial court did not err in excluding such alleged agreement. Western Union T. Co. v. Lovely, 52 S. W. Rep., 563, 564; Missouri, K. & T. Ry. Co. of Texas v. Godair Com. Co., 87 S. W. Rep., 871, 872; Gulf, C. & S. F. Ry. Co. v. Eddins, 26 S. W. Rep., 161, 164; Armstrong v. Galveston, H. & S. A. Ry. Co., 46 S. W. Rep., 33-35; Burgess v. Western Union T. Co., 46 S. W. Rep., 794, 795; Reeves v. Texas & Pac. Ry. Co., 32 S. W. Rep., 920; Missouri Pac. Ry. Co. v. Harris, 67 Texas, 170, 171, and authorities there cited; United States Exp. Co. v. Harris, 51 Ind., 127; Rev. Stats., arts. 3378, 3379.

Appellee's cause of action, if any he had, was complete when the accident occurred, and the stipulation in the alleged agreement relating to the giving of notice of the plaintiff's claim for damages was not a condition precedent to, and did not form any part of, his cause of action. But such stipulation was at most only a rule of limitation, the validity of which will be governed by the law of the forum. See authorities cited above, and especially Missouri Pac. Ry. Co. v. Harris, 67 Texas, 170, 171.

If the stipulation in question is not to be governed by the law of the forum, then its validity will be determined by the laws of the State of Kansas, where the alleged contract was to be performed and the notice was to be given; and, there being no allegation or proof that the laws of Kansas were in any way different from the laws of Texas, the presumption will be indulged that the laws of the two states are the same. Wherefore, such stipulation should be held to be void under the laws of Kansas. That the law of the place where a contract is to be performed governs its construction and validity, see Ryan v. Missouri, K. & T. Ry. Co., 65 Texas, 16; Gray v. Western U. T. Co., 64 S. W. Rep., 1065,

1066, and authorities there cited; Coghlan v. South Carolina Ry. Co., 142 U. S., 101, L. Ed., book 35, pp. 955, 956; Gaylord v. Duryea, 69 S. W. Rep., 607; Farmer v. Etheridge, 69 S. W. Rep., 761, 762; Western U. T. Co. v. Blake, 68 S. W. Rep., 527, and authorities there cited; Hubbell v. Morristown Land & Imp. Co., 32 S. W. Rep., 965; 10 Rose's U. S. Notes, pp. 361-364; ib. vol. 12, pp. 66, 67. That the laws of another state, in the absence of pleadings and proof to the contrary, will be presumed to be the same as the laws of Texas, see National Bank of Com. v. Kenny, 83 S. W. Rep., 369; Burgess v. Western U. T. Co., 46 S. W. Rep., 795.

The stipulation, when considered in the light of the conceded facts, was on its face unreasonable and void, for the following reasons, viz: (1) Because it failed to give the name of the defendant's general attorney at Topeka to whom the notice was to be given. (2) Because the defendants, in their answer, failed to allege and prove that they had a general attorney at Topeka to whom such notice could be given, and failed to allege and prove the name of such attorney, if they had one. (3) Because the defendants failed to allege and prove the facts showing that such stipulation was reasonable. Wherefore, the trial court did not err in excluding the proposed evidence. Missouri Pac. Ry. Co. v. Harris, 67 Texas, 167, 172, 173; Galveston, H. & S. A. Ry. Co. v. Williams, 25 S. W. Rep., 1019, 1020; Same v. Short, 25 S. W. Rep., 142, 143; Same v. Thompson, 23 S. W. Rep., 931, 932; Texas & P. Ry. Co. v. Reeves, 39 S. W. Rep., 564; Railway Co. v. Herring, 36 S. W. Rep., 129; Houston & T. C. Ry. Co. v. Davis, 88 Texas, 593; 32 S. W. Rep., 510.

WILLIAMS, Associate Justice.—The defendant in error applied for and received from plaintiffs in error, at Chickasha, Indian Territory, employment in the capacity of brakeman. His application, which constitutes a part of the contract of employment, contained this stipulation:

"In further consideration of my employment, I agree that if, while in the service of the said company, I sustain any personal injury, for which I shall or may make claim against said company for damages, I will, within thirty days after receiving such injury, give notice in writing of such claim to the general claim agent of said company at Chicago for injuries occurring in Illinois or Iowa, and to the general attorney of said company at Topeka for injuries occurring elsewhere on the system, which notice shall state the time, place, manner and cause of my being injured, and the nature and extent of my injuries, and the claim made therefor, to the end that such claim may be fully, fairly and promptly investigated; and my failure to give notice of such claim in the manner and within the time aforesaid shall be a bar to the institution of any suit on account of such injuries."

· He was afterwards, in Oklahoma Territory, hurt while performing his duties to plaintiff in error under the contract, and brought this action, and recovered the judgment before us for damages, upon the ground that his injury resulted from the negligence of defendant in failing to exercise proper care in keeping its track in safe condition. At the trial the defendant offered in evidence the contract above stated, together with evidence to show that it was valid under the laws of the

Indian Territory and of Oklahoma, and that the notice had not been given as agreed upon, all of which facts had been pleaded in the answer. This evidence was excluded upon objections urged by the plaintiff.

The Court of Civil Appeals held that this ruling was justified by article 3379 of the Revised Statutes of this state, which provides:

"No stipulation in any contract requiring notice to be given of any claim for damages, as a condition precedent to the right to sue thereon, shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and, when any such notice is required, the same may be given to the nearest or any other convenient local agent of the company requiring the same. In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is specially pleaded under oath."

The stipulation was regarded by the Court of Civil Appeals as affecting only the remedy, in analogy to the statute of limitations, and as being controlled by the law of the forum. The evident purpose of the stipulation was to secure notice to the employer of the claim of the servant, that it was liable for an injury suffered by him, in order that opportunity might be given for prompt investigation and ascertainment of the facts affecting the claim. (Phillips v. Western U. T. Co., 95 Texas, 643.) It fixes no time within which suit must be brought after notice has been given, leaving the plaintiff free to sue within the time allowed by law. But it attaches to the failure to give the notice the effect of "a bar to the institution of any suit on account of such injuries." The bar is not to arise from lapse of time merely, but from the failure to do that which the parties agreed on as essential to the right to have a determination by suit of the question of liability for the injury. Its effect, if enforced according to its terms, was either to prevent the accrual of liability, or to put an end to all further question of liability after the expiration of the prescribed time without notice. Whether it had the effect first mentioned, as contended by plaintiff in error, or the latter, as contended by defendant in error, is wholly immaterial to the present inquiry. In either view it acts upon the substantive rights of the parties, and not upon the mere mode and time of their enforcement in the courts. Had it been only an agreement, valid both in Oklahoma and in the Indian Territory, to fix a period within which suit must be brought, we should have the question, which we need not consider, whether the time so fixed, or that prescribed by our statute of limitations, would govern. (Sec. 2, Wharton's Conflict of Laws (3d ed.), p. 1434.)

The cases of Armstrong v. Galveston, H. & S. A. Railway, 92 Texas, 117, and Burgess v. Western Union T. Co., id. 125, cited by the Court of Civil Appeals, do not decide the question before us. In the Armstrong case the contract was made in Texas, and was subject to our laws, unless the fact that it was for an interstate shipment put it beyond their operation, and that was the question discussed. The contract in the Burgess case was made in Louisiana, the law of which, presumed to be the same as that of this state, made it illegal. This is the

gist of the decision, the court holding, as in the Armstrong case, that it was in the power of the State Legislatures to make such regulations applicable to contracts concerning interstate commerce. Neither case holds that the statute of this state applies to contracts made in other jurisdictions. Indeed, the Burgess case holds that the contract there in question was governed by the law of Louisiana.

It is too well settled to require citation of authority that the statutes of a State have no extraterritorial operation, and can not invalidate contracts made and to be performed in other jurisdictions. The courts of this State might be forbidden by the laws of the State, in the absence of constitutional obstacles, to enforce particular contracts, although made in other jurisdictions by the laws of which they would be valid. The rule by which courts of one country test the validity of contracts made and to be performed in other countries, in accordance with the laws of such countries, is one of comity only, and can not be applied in opposition to the positive law of the forum; and if the statute in question disclosed a purpose to change this rule of comity, and to prevent the courts of this State from applying it to contracts made and to be performed out of the State, questions of a different nature might arise. But we can discover nothing of the sort in it. No reference is made to foreign contracts, nor is any command or inhibition concerning them laid upon the courts. Instead, the statute assumes to act directly upon the contracts and stipulations to which it relates, declaring them to be illegal and invalid. This is a sufficient indication that the provisions relate to things the legality and validity of which were under the control of the Legislature, and not to those which were beyond its power, and which it could not nullify. For, while the Legislature might set aside the rule of comity by which contracts elsewhere made are enforced by our courts, in conformity with the law governing their making and performance, it could not render those contracts void, and the purpose to do so should not be imputed when it does not appear. Hence, we conclude that the transactions to which this statute applies are such as occur in this state, and that the statute has no application to this case. And, if we could hold that the statute did apply, we do not see how that would enable the courts of this state to render a judgment for plaintiff as upon a cause of action which had accrued to him under the laws of Oklahoma, if, according to those laws, he has none which he can assert.

It is only by virtue of the principles of comity that the plaintiff, a citizen of the Indian Territory, can ask our courts to enforce a transitory cause of action which he claims accrued to him in Oklahoma, and this does not entitle him to have a portion of the law of that territory affecting his claim disregarded because it differs from ours. His right of recovery must be given by the law of the place where his injury occurred, whether that law be ascertained by proof, or by presumption in the absence of proof. (2 Whart. Confl. Laws, p. 1108, et seq., and cases cited.)

All of the questions raised as to the validity of the stipulation referred to, and its effect upon the case, are therefore to be determined by the laws of Oklahoma, and the defendant ought to have been allowed to in-

troduce the stipulation in evidence, together with testimony as to the law there in force determining its validity and legal effect.

The force of the contention of defendant in error that, although such stipulations may be held valid by the law of Oklahoma in their application to cases generally, yet they may become, in their operation in particular cases, arbitrary and unreasonable limitations upon the liability of masters for the consequences of their own negligence, and that such is shown to be the case here must also be tested by the law of Oklahoma. That question has not been tried, the exclusion of the evidence offered having deprived the plaintiff in error of any hearing upon it. No view that we might now take of the contention would sustain the action of the court below, and we can not know what the developments of another trial may be.

There is a further contention of the defendant in error that, because the notice was to be given in Topeka, Kansas, the contract was to be performed there, and that, hence, its validity should be tested by the laws of that state, as to which there were no allegation and proof. But this contention, at least, only goes to the legal effect of the stipulation upon plaintiff's right, and that is to be determined by the law from which the right must be derived—that of Oklahoma. Besides, this stipulation was only an incidental part of the contract of service which was to be performed in the Indian Territory and Oklahoma. The mere fact that the notice was to be received at a place in Kansas does not make the contract performable there in any such sense as to justify the inference that the parties intended to subject their rights to the laws of that state, rather than to those of the place where the contract was made, where they were to remain, and where they were to do most of the things to be done in carrying out their engagements.

For the error in excluding the evidence the judgment is reversed and the cause remanded.