### EL PASO & NORTHEASTERN RAILWAY COMPANY ET AL. v. J. W. LANDON.

Decided January 5, 1910.

#### 1.—Railroads—System of Roads—Joint Liability.

Where several railroads designate themselves and operate their lines as a system of roads, and by a duly authorized agent for such system sell a through ticket over their lines to a point beyond, each of such roads is liable in damages for injury occurring to a passenger on any one of said lines.

#### 2.—Personal Injury—Statute of New Mexico.

The statute of the Territory of New Mexico requiring that notice should be given within ninety days of a claim for personal injuries or death, does not affect the right of a person to recover in Texas for injuries received in said territory where such right is asserted through a contract to safely carry a passenger, the person being a non-resident of the territory and the contract having been made and partly performed in Texas. Such construction is not a denial of the constitutional guaranty of full faith and credit to the statutes of New Mexico.

#### 3.—Carrier of Passengers—Derailment—Breach of Contract—Tort.

Damages recoverable for the breach of a contract of carriage resulting from a derailment of a passenger train are the same as are recoverable in an action of tort on the same facts, and defendant's liability is subject to the same rules and may be established by like testimony and presumptions as in cases of tort; therefore damages for mental and physical suffering may be recovered in such action.

#### 4.—Same—Liability Implied.

By the sale of a ticket to a passenger a railroad company assumes the relation of a common carrier toward the passenger and thereby becomes bound to exercise the degree of care required of such carriers. It is immaterial that there is no express stipulation to that effect in the ticket.

#### 5.—Trial—Discrediting Witness—Practice.

Where a witness leads counsel to believe that she will testify to a certain fact, but when put upon the stand by him denies having made such statement, it is not permissible for counsel to ask her if she has not made such statement to him. The remedy of the party introducing the witness would be to apply for a continuance or postponement if the denial of the witness was a surprise and the testimony material.

#### 6.—New Trial—Newly Discovered Testimony.

When material but inaccessible testimony is discovered during the progress of a trial the party desiring to obtain and use said testimony should at once make some effort to secure a postponement, and a failure to do so will render unavailing a motion for new trial on the ground of newly discovered testimony.

Appeal from the District Court of El Paso County. Tried below before Hon. A. M. Walthall.

*Hawkins & Franklin,* for appellants.—It being established by the undisputed evidence that the accident and alleged injury to Gennie B. Landon occurred within the Territory of New Mexico, the liability or nonliability of the appellants to the appellees arose under and must be determined by the laws of that Territory, and it having been further shown by the undisputed evidence that there was in existence a statutory law of that Territory at the time of the injury, which required as a condition precedent to any action arising that the party claiming the same should within ninety days after the accident give notice of said claim by affidavit to the appellants, and that the appellees had failed to give such notice, the appellants were entitled to an instruction directing the jury to find a verdict in their favor. The Act is substantially in words and figures as follows, to wit:

"Whereas, it has become customary for persons claiming damages for personal injuries received in this Territory to institute and maintain suits for the recovery thereof in other States and Territories to the increased cost and annoyance and manifest injury and oppression of the business interests of this Territory and in derogation of the dignity of the courts thereof;

"Therefore, be it enacted by the Legislative Assembly of the Territory of New Mexico:

"Section 1: Hereafter there shall be no liability under either the common law or any statute of this Territory on the part of any person or corporation for any personal injuries inflicted or death caused by such person or corporation in this Territory, unless the person claiming damages therefor shall within ninety days after such injuries shall have been inflicted, make and serve upon the person or corporation against whom the same is claimed, and at least 30 days before commencing suit to recover judgment therefor, an affidavit, which shall be made before some officer within this Territory who is authorized to administer oaths, in which affiant shall state his name and address, the name of the person receiving such injuries, if such person be other than the affiant, the character and extent of such injuries in so far as the same may be known to the affiant, the way or manner in which such injuries were caused in so far as the affiant has any knowledge thereof, and the names and addresses of all witnesses to the happening of the fact or any part thereof causing such injuries as may at such time be known to the affiant, and unless the person so claiming such damages shall also commence an action to recover the same within one year after such injuries occur, in the District Court of this Territory, in and for the county in which such injuries occur or in and for the county of this Territory where the claimant or person against whom such claim is asserted resides; or, in event such claim is asserted against a corporation, in the county of this Territory where such corporation has its principal place of business; and said suit after having been commenced shall not be dismissed by the plaintiff unless by written consent of the defendant filed in the case or for good cause shown to the court; it being hereby expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a

part of the law under which right to recover can exist for such injuries except as herein otherwise provided.

(Appellants' second proposition under their first assignment of error.)—The court should have given special instruction No. 1 requested by appellants, for the reason that if the suit was on contract and 'not in tort, then the appellees did not set up or claim any damages that could be recovered in such an action, nor prove any facts that would authorize a recovery in a case based on contract.

It is immaterial as to where the contract of carriage was entered into. It was contemplated by the parties to it at the time it was made that it was to be performed in the Territory of New Mexico, and it is alleged that appellants failed to perform the contract in said Territory and therefore the law of the Territory of New Mexico governs as to the liability for failure to perform, and as under the same the appellees were not entitled to recover, not having performed the conditions precedent to giving them a right of action, the court erred in not giving said special instruction No. 1 requested by appellants. Ryan & Co. v. Missouri, K. & T. Ry. Co., 65 Texas, 13.

*G. C. Wright* and *F. G. Morris,* for appellee.—There was no error in the ruling of the court excluding the testimony sought from the witness, Mrs. Moore, as to what she had told counsel for defendant prior to the trial when she was not under oath. The witness not having given any testimony which was injurious to the defense, it was not permissible, and would have been grave error against plaintiffs, to have permitted the counsel for defendant to have the witness narrate in the presence of the jury, as a part of the evidence in the case, the unsworn statements made by the witness to counsel before the trial. A party is allowed to contradict his own witness only when the witness has surprised him and given testimony injurious to his case. Texas & P. Ry. Co. v. Crump, 110 S. W., 1013; Smith v. State, 45 Texas Crim. App., 520; Gill v. State, 36 Texas Crim. App., 589; Dunagain v. State, 38 Texas Crim. App., 614; Knight v. State, 65 S. W., 88; Howe & Johnson v. Skidmore, 72 S. W., 792; Langford v. Jones, 22 Pac., 1064; State v. Steeves, 43 Pac., 947. In the last case cited, the authorities on this subject are collated, and they are quite numerous.

JAMES, CHIEF JUSTICE.—This action is brought to recover damages for personal injury alleged to have occurred to the wife of appellee while a passenger near a place called Toney in New Mexico, the particular railway on which she was when injured by a derailment being that owned by the El Paso & Rock Island Railroad Company, one of the defendants. There was a general verdict for plaintiffs for $3,585, upon which the court entered a judgment against all of the defendants, viz: the El Paso & Southwestern Railroad Company, the El Paso & Northeastern Railway Company and the El Paso & Rock Island Railroad Company.

The petitioners alleged and proved a joint contract of said railway companies to carry Mrs. Landon from El Paso to Kansas City. It was agreed at the trial as follows:

"The parties to the above styled cause, through their respective attorneys, make the following agreement to be filed in the above styled and numbered cause, and to be used on the trial by either of the parties hereto:

"First. That the derailment of the part of a train in which plaintiff, Mrs. Landon, is alleged by plaintiffs to have been injured, occurred on the El Paso and Rock Island Railroad near Toney Station, in the Territory of New Mexico, on the 5th day of March, 1907, between Santa Rosa, New Mexico, and Carrizzo, New Mexico; it not being intended by the defendants to admit that said Mrs. Landon was in fact injured in any manner in said derailment, as to this, proof being required of plaintiff.

"Second. It is agreed that on the 4th day of March, 1907, there was sold to the plaintiff, Mrs. Landon, at the Union Ticket Office in El Paso, Texas, a through ticket from El Paso, Texas, to Kansas City in the State of Missouri, in the name of and by the El Paso and Southwestern System as agents of defendants, except defendant El Paso & Southwestern Company, for transportation over the lines operated in that name which included all of the defendants in this suit, to Santa Rosa, New Mexico, and over the Rock Island System from there to Kansas City, Missouri.

"Third. That the ticket agent at said Union Depot in said El Paso, Texas, who sold said ticket, had full authority to sell the same in the name of said system for the defendants in the case; that plaintiff, Mrs. Landon, paid the full first-class fare for transportation over each of defendant's roads and over the Rock Island System from El Paso, Texas, to Kansas City, Missouri.

"Fifth. That it is further agreed that the attached form of ticket is a true copy of the form of ticket purchased by said Mrs. Landon, and that it was duly signed by her and officers authorized to act for defendants, and that the blanks therein and punches required to make it a first-class ticket from El Paso, Texas, to Kansas City, Missouri, were all properly filled out, and that the form hereto attached may be used in evidence by any of the parties hereto in connection with this agreement with like effect that the original might be used without producing the original or laying predicate for using a copy, it being conceded that the original cannot be produced."

The form of ticket attached to the stipulation is that of a contract and coupons, all under the name of the El Paso & Southwestern System and signed by her and by officers authorized to act for defendants.

There is no dispute in the evidence of the fact that under the name of the El Paso & Southwestern System the three lines of railway were being operated at the time. The court's charge, in effect, assumed the liability of all of the defendants for the negligence of any one of them resulting in the injury of the passenger while traveling on any of said lines on said ticket. This we think was correct (Texas & P. Ry. v. Lynch, 97 Texas, 25; Blanks v. Missouri, K. & T. Ry., 116 S. W., 377), and we therefore overrule all the propositions in appellants' brief which assert that, the injury occurring on the line of one of these defendants, the others were equally responsible.

Under appellants' first assignment, which complains of the refusal

of a peremptory instruction, there are several propositions. It is contended first the statute of New Mexico in force at the time, which required, as to liability for personal injury or death caused by a person or corporation in the Territory, that the party claiming same should within ninety days after the accident give notice of the claim by affidavit to the person or corporation, and that appellees having failed to give such notice appellants were entitled to the peremptory instruction asked. There was no evidence that plaintiff had not given the notice, but in view of what we state hereafter, we need not pass upon the question whether or not it was incumbent on plaintiff to prove that it was given.

We need not set forth the statute invoked, as it will be found copied in the opinion of the case of Sawyer v. El Paso & N. E. Ry. Co., 49 Texas Civ. App., 106. In El Paso & N. E. Ry. v. Sawyer, 56 Texas Civ. App., 195, in which case the Supreme Court denied a writ of error, the ruling was upheld that said statute does not affect the right of a person to recover for injuries received in the Territory, where such right is asserted through a contract to safely carry a passenger, the person being a nonresident of the Territory, and the contract being entered into in another jurisdiction from which the journey began. The plaintiff in this case was not a citizen nor resident of New Mexico, and the contract was made and was to be performed in part in Texas. We think further that the principles declared in Chicago, R. I. & P. Ry. v. Thompson, 100 Texas, 185, bring the contract in question within the laws of Texas, it having been entered into in this State and to some extent performable in this State, although the violation of the contract occurred in New Mexico. What has just been said disposes also of appellants' third proposition, and we overrule the proposition which asserts that the refusal of the peremptory instruction was a denial of appellants' right under the Constitution and laws of the United States to have full faith and credit given to the statute of New Mexico.

We overrule the second proposition under the said first assignment, and also overrule the second assignment of error, upon the authority of El Paso & N. E. Ry. v. Sawyer, 56 Texas Civ. App., 195, and for the reason that the damages recoverable for the breach of the contract of carriage resulting from a derailment are the same as are recoverable in an action of tort on the same facts, and that the defendants' liability is subject to the same rules and may be established by like testimony and presumptions as in cases of torts. We also overrule the fifth proposition under the first assignment and also the third assignment by error, which contend that the obligation to safely carry Mrs. Landon, was not express but implied, and therefore the liability of defendants is determinable by the statute of New Mexico; and also that there being no express agreement in the ticket to safely carry or to exercise a high degree of care for the safety of the passenger, such duty did not exist and the court erred in charging that it did. On this question we think that defendants by the contract assumed the relation of common carrier toward the passenger, and thereby assumed to perform all of the duties of such carrier to its passenger, and it

is immaterial whether these duties arose by express stipulation or by a contract which necessarily involved the observance of such duties.

And in view of all of the foregoing remarks we overrule the fourth, sixth and seventh assignments of error. We find the charge not subject to the criticism made by the sixth assignment.

The eighth assignment presents the following question: Appellants placed upon the stand Mrs. Moore, who appears to have stated to appellants' attorneys that she would testify that Mrs. Landon had stated to her, prior to this accident, that she had attempted to commit abortion on herself, but when the question was put to the witness, she stated that Mrs. Landon did not make such statement. When this testimony was given, appellants' counsel sought to ask her if she had not told them that Mrs. Landon had so stated to her. The court refused to allow the question. The reason advanced by the assignment why they should have been allowed to do so is that they were surprised by Mrs. Moore's testimony and were injured by her refusal to testify as she had stated to them she would. The witness had not given any testimony injurious to defendants by her said statement, and they were not entitled to discredit her. Defendants were not entitled to discredit or contradict their own witness in this manner. If she had been allowed to answer the question affirmatively, it would have been hearsay. (Texas & P. Ry. v. Crump, 110 S. W., 1013.) If defendants were surprised at her statement, under the circumstances, and had announced ready relying on her testifying to what she had told them, the court might, if applied to, have granted them a continuous or postponement of the case.

The ninth assignment complains of the refusal of the application for new trial for certain newly discovered evidence, to wit: the testimony of Dr. Robinson, a physician living in Mexico, to the effect that prior to the accident and early in 1907 Mrs. Landon attempted to get him to commit abortion on her, which testimony, shown by Dr. Robinson's affidavit attached, it was alleged did not come to the knowledge of defendants or their attorneys or agents until February 18, 1909, the trial having concluded by the verdict on February 17th. The judge heard testimony concerning the time defendants' counsel received information of this witness and his testimony, and after hearing it overruled the application. The judge was warranted by it in coming to the conclusion that during the trial and in ample time before the conclusion of the evidence defendants' counsel were informed of the witness and his probable testimony in order to have required, in the exercise of proper diligence, some effort to obtain a postponement for his testimony. No movement was made to that end and it is fairly presumable that defendants were willing to risk their case without such testimony, expecting, nevertheless, a favorable verdict from the jury, and if not that, then relying with confidence on their being entitled to an instructed verdict. Other reasons were suggested by appellee why a new trial should not have been granted, for the testimony of Dr. Robinson, but the above is deemed sufficient. Judgment affirmed.

*Affirmed.*

Writ of error refused.