## THE CONTINENTAL SUPPLY CO.

### v.

### HUTCHINGS.

No. 14777.

Court of Civil Appeals of Texas.

Dallas.

April 23, 1954.

Rehearing Denied May 14, 1954.

J. F. Wagenhauser, C. G. Bailey, Dallas, for appellant.

J. M. Davenport, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit on a promissory note brought by appellant as plaintiff against appellee as defendant. Appellee successfully defended on the ground that he had resided in the State of Texas for twelve months as provided by Art. 5543 Vernon's Ann.Tex.Stats., hence was entitled to rely on our four-year statute of limitations.

The material facts are undisputed. While a resident of the State of Mississippi, appellee on October 31, 1946, executed a note due on demand in the sum of $45,-913.75. Appellee removed to and resided in the State of Texas from February 1, 1948 until July 6, 1948. Then he moved to the State of Indiana. Thereafter he again removed to and lived in the State of Texas from July 18, 1951 to the date suit was filed against him in Dallas County, Texas, on March 11, 1952 for an alleged balance due on the note of $12,245.56 plus interest and attorneys fees.

Thus it will be seen that appellee had not resided in this State *continuously* for twelve months before the suit was filed. However his two periods of residence, if tacked together, total more than twelve months.

Appellant contends that Art. 5543 V.A. T.S. must be interpreted to require a *continuous* residence of twelve months, and that tacking together successive residences to total twelve months is not permitted under the statute.

It has long been held that under the terms of the statute in question a defendant may invoke the Texas statutes of limitations if he has resided here for twelve months, though the action against him may not be barred under the laws of the State from which he emigrated. McDowell v. G. C. Collier & Son, 2 Willson Civ.Cas.App. § 266; 28 Tex.Jur. 134. But we know of no case interpreting Art. 5543 with reference to the question of tacking successive periods of residence to make the "space of twelve months."

A brief review of its history may help us arrive at a proper interpretation of the statute. In 1841 the Fourth Congress of the Republic of Texas passed a number of limitations statutes which were continued in effect after Texas became a state. It was a known policy of Texas, both as an independent republic and afterwards as a state, to encourage immigration. In keeping with the policy our Supreme Court in 1849 held (Chief Justice Wheeler dissenting) that when a debt is contracted in another jurisdiction by a person who afterwards removes to this state, our statute of limitations is not suspended until his arrival, but runs against the action from the time of the accrual thereof. Snoddy v. Cage, 5 Tex. 106. In 1852 the legislature of the state passed a law which qualified and limited the rule as laid down by the Supreme Court in Snoddy v. Cage, supra. The 1852 enactment provided that an immigrant may not invoke the Texas statutes of limitations as a defense against obligations incurred in other jurisdictions until he has resided in this state for a "space of twelve months." Thompson v. Berry, 26 Tex. 263. This 1852 statute has come down to us substantially unchanged through subsequent recodifications, including the revision of 1925. It is our present Art. 5543, V.A.T.S., the statute which we must construe in deciding this appeal.

Appellant concedes that tacking is allowed under our limitations statutes, but says that Art. 5543 is not a true limitation statute—it is only a provisionary or qualification type of statute related generally to true limitation statutes. Without passing on that question, we are of the opinion that Art. 5543 V.A.T.S. must be construed in harmony with our statutes of limitation. Whittenberg v. Craven, Tex.Com.App., 258 S.W. 152; State v. Dyer, 145 Tex. 586, 200 S.W.2d 813.

Statutes of limitation are now generally regarded with favor by the courts, are to be construed as other statutes, and their application is not to be evaded by implied exceptions. Davis v. Howe, Tex.Com. App.1919, 213 S.W. 609.

In view of the policy which motivated our legislators in the early days of

this State when the statute was passed, and considering the effect given to limitation statutes in general, we hold that the tacking together of successive periods of residence is permitted under Art. 5543 V.A.T.S. Appellant's points of appeal are overruled.

Appellee has presented a cross-assignment in which he asserts that judgment should have been rendered for him on the ground of res adjudicata as well as on the ground of limitations. As we have overruled appellant's assignments we consider it unnecessary to pass on appellee's cross-assignment.

The judgment of the trial court is affirmed.