**Dale W. COPUS, Appellant,**

v.

**DEPARTMENT OF MENTAL HYGIENE, STATE OF CALIFORNIA,**
Appellee.

No. 3442.

Court of Civil Appeals of Texas.

Waco.

March 21, 1957.

Rehearing Denied April 18, 1957.

Pat Reed, Dallas, for appellant.

Chancellor & Wood, Dallas, Edmund G. Brown, Atty. Gen., San Francisco, Cal., for appellee.

McDONALD, Chief Justice.

This is a suit for debt instituted by the State of California, Department of Mental Hygiene, as plaintiff against Dale W. Copus as defendant. The facts are without dispute and are: Defendant Copus was a resident of California prior to 16 July 1951, on which date he changed his domicile and residence to Texas. Since 16 July 1951 defendant's residence and domicile have been in Texas. In October 1936 defendant's mother, Lela Copus, was adjudged mentally ill in California and admitted to the State Hospital in California, where she has been a patient since. The California Welfare and Institutions Code, Sec. 6650, makes a son liable for the care, support and maintenance of a mother confined to a state hospital. Sec. 6651 of the California Code set $40 per month as the rate for such support prior to 31 July 1951 and $90 per month since such date. Such amounts as accrued above became due and owing to the State of California, subject only to a $50 credit paid by defendant on 12 June 1951.

The California Code of Civil Procedure, Sec. 345 (Limitations Applicable to Actions by or for the State or County: Exception: Action for support of State or County Hospital Patient), as applicable, reads as follows:

"The limitations prescribed * * *, except that actions for the recovery of money due on account of the support of patients at State or county hospitals may be commenced at any time within four years after the accrual of the same."

The defendant plead that the Texas Two Year Statute of Limitations is applicable and barred recovery prior to 21 May 1951 (two years prior to the filing of the suit); and further, that defendant is not liable for any support of his mother under the California statutes after 16 July 1951, the date that he removed from California to Texas.

Trial was before the court, which rendered summary judgment on the foregoing facts, that plaintiff State of California recover $3,470 from defendant, which amount represented the accrued support at the stipulated rates, from four years prior to the filing of the suit on 21 May 1953 to the date of judgment.

The Trial Court, upon request, filed Findings of Fact substantially as set out, supra; and Conclusions of Law as follows:

"The court concludes that the two year statute of limitations pleaded by defendant is not applicable to said cause, but that the four year statute of limitations of the State of California is applicable, and, that in accordance therewith the court did not consider any items of said account that accrued more than four years prior to the commencement of this action on 21 May 1953.

"The court further concludes that the liability of the defendant, Dale Copus, is a continuing one; and that the removal of the defendant from the State of California to the State of Texas on 16 July 1951, and his continued residence and domicile in Texas, does not discharge him from such continuing liability under the laws of the State of California, the defendant having been a resident of California at the time of the commencement of such continuing liability."

The defendant, Dale Copus, appeals, contending: 1) The Trial Court erred in applying the four year statute of limitations of the State of California, and in not applying the two year statute of limitations of the State of Texas. 2) The Trial Court erred in rendering judgment for any sum after 16 July 1951, in that defendant then being a bona fide resident of Texas, was not responsible for any support by virtue of any law of the State of California.

The foregoing present two questions to be answered: 1) Does California's four year statute of limitations or Texas' two year statute of limitations apply in the instant case? And 2) Is defendant liable after establishing residence and domicile in Texas?

Reverting to the defendant's 1st contention and the 1st question in this case—we have the State of California suing a citizen of Texas upon an obligation which arose by virtue of a California statute, in a Texas court.

28 Tex.Jur., p. 91, states the general rule as follows:

"In accordance with the settled rule that the law of the place where an action is brought is controlling as to the remedy, an action brought in this state is governed by our statute of limitations, and not by the law of the place where the cause of action arose."

In Home Ins. Co. v. Dick, 15 S.W.2d 1028, 1030, the Commission of Appeals says:

"We might cite numerous other authorities in this state and out of it holding that statutes of limitation relate only to the remedy, and are controlled by the law of the forum irrespective of the place of the contract, but we consider this question too well settled to require further discussion", and: "Statutes of limitation and agreed limitations have been uniformly held to affect the remedy only."

Broderick v. Pardue, Tex.Civ.App., 102 S.W.2d 252, 253, W/E Dis., says:

"It seems to us that the general rule, and the one well established in this state, that the law of the lex fori governs in such a case" (where the contention was made that a New York limitation statute applied in a suit based on New York law).

In Continental Supply Co. v. Hutchings, Tex.Civ.App., 267 S.W.2d 914, 915, W/E Ref., the court says:

"It has long been held that under the terms of the statute in question [Art. 5543] a defendant may invoke the Texas statutes of limitations if he has resided here for twelve months, though the action against him may not be barred under the laws of the State from which he emigrated."

The foregoing case reviews the history of the limitation statutes of Texas and points out that they were originally passed to encourage emigration to Texas.

Article 5526, R. C. S., provides that:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * * Actions for debt where the indebtedness is not evidenced by a contract in writing."

In 1852 our Legislature enacted Art. 5543, R.C.S., providing:

"No demand against a person who has removed to this State, incurred prior to his removal, shall be barred by the statute of limitation until he shall have resided in this State for the space of twelve months."

Obviously Art. 5543, R.C.S., was enacted to prevent emigrants from invoking our statutes of limitations against obligations incurred in other jurisdictions, until they became bona fide inhabitants.

In Davis v. Howe, 213 S.W. 609, 611, the Commission of Appeals (opinion adopted and entered as judgment of Supreme Court) says:

"Statutes of limitations are now regarded with favor as based upon consideration of sound public policy. They are in the nature of statutes of

repose, requiring diligence in enforcing rights and putting a period to litigation. Such statutes are to be construed in like manner as other statutes *and their application not evaded by implied exceptions."*

It is the contention of plaintiff in this case that there is an exception to the rule that limitation is governed by the law of the forum, and that such exception is: That the law of the state where the cause of action arose will govern, wherever the suit may be brought, where the statute creating the liability was not known to the common law, and the statute giving the right fixes a time within which the right may be enforced. In the instant case the law of California gave rise to the cause of action, and in California a four year period of limitation is fixed by statute for the enforcement of the right.

■ While we are aware that there is a conflict in authority in the various jurisdictions on the foregoing point, and that in some states the contended for rule pertains, see 68 A.L.R. 217; Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1356, we believe that in Texas our limitation statutes are a part of the public policy of our state, and that once the emigrant from another state lives here for one year, he may plead our statutes of limitations against any cause of action which arose in another state, regardless of the longer limitation period prescribed for the particular cause of action by the statutes of the state in which it arose.

■ Our statutes of limitations in Texas being designed according to the sound public policy of our state to put at rest litigation after the lapse of certain periods of time, cannot be extended by the legislatures of foreign states. Texas therefore follows the general rule that limitation goes to the remedy, and that the law of the forum governs. Texas will not permit the application of our statutes of limi-

tation to be invaded by exceptions. Davis v. Howe, supra.

■ We therefore hold that the Trial Court erred in applying the California statute of limitations of four years to plaintiff's cause of action, instead of the Texas two year statute of limitations.

Defendant's second contention is that the Trial Court erred in rendering judgment against him for any sum after 16 July 1951, the date upon which he moved to Texas and acquired Texas residence and domicile. The question before us is whether the Texas court should as a matter of comity enforce against a Texas citizen a right which is accorded to the plaintiff under the laws of California, but which right does not exist under the laws of Texas.

Specifically the California statute permits recovery for support and maintenance by the State of California against the son of a patient in a California state hospital. Sec. 6651, Calfornia Welfare and Institutions Code. Texas has a statute which relates to recovery by the State of Texas for support and maintenance of a patient in a state hospital. Applicable portions of such statute, Vernon's Ann.Civ.St. art. 3196a, provide:

"Where the patient has no sufficient estate of his own, he shall be maintained at the expense:

"Of the husband or wife of such person, if able to do so;

"Of the father or mother of such person, if able to do so."

It is obvious, by comparison of the California and Texas statutes, that California imposes a liability on a son for support of a parent in a state hospital, while Texas imposes no such liability.

Shall we by comity permit enforcement of the California statute against one of our own citizens?

11 Am.Jur. pp. 310, 311, states:

"There are several situations in which it is well established that the forum will not enforce a foreign statutory right. *Thus, a right given by statute will not be enforced by the courts of another jurisdiction if the statute is against the policy of the law of the forum*, if the enforcement of the right would work injustice to the citizens of the state where the action is brought. * * *"

And 11 Am.Jur. p. 299:

"Comity, being voluntary, and not obligatory, rests in the discretion of the tribunals of the forum and is governed by certain more or less widely recognized rules * * *" (the foreign statute will be considered) *"if not contrary to the policy of the law of the forum."*

And 12 Am.Jur. p. 102:

"After a citizen has moved into another state he undoubtedly has the right, as a privilege and immunity of citizenship, to become a citizen of any state by a bona fide residence therein with the same rights as other citizens therein."

■ The rule by which one state applies the law of another state is one of comity only, and cannot be applied in opposition to the positive law of the forum. Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Tex. 185, 97 S.W. 459, 7 L.R.A.,N.S., 191; 9 Tex.Jur. 357.

Johnson v. Employers Liability Assur. Corp., Ltd., Tex.Civ.App., 99 S.W.2d 979, 981, W/E Refused, states:

"The decisions of this court (well sustained by high authority) establish the doctrine that the courts of this state will not undertake to adjudicate rights which originated in another state or country, under statutes materially different from the law of this state in relation to the same subject."

■ It is true that both California and Texas have a statute relating to support of persons confined to the state hospitals. California imposes liability on several classes of persons for such support, including a son. Texas imposes liability for such support on the estate of the person confined, a husband or wife or a mother or father of the person confined. Texas, by its public policy, does not impose liability for the support and maintenance of a person confined to a state hospital upon a son of the person so confined. Thus the public policy of Texas is not to impose such liability.

■ Comity, under the authorities cited, will not require Texas to enforce the liability imposed by the California statute upon one of our citizens, when the public policy of this state creates no such liability. It should be noted that there is no question here of enforcing a California judgment—only the question of enforcing a right created by a California statute, against a citizen of Texas, when the statutes and public policy of Texas admit of no such right.

We think that the defendant is not liable for support after 16 July 1951, and that the Trial Court erred in holding the defendant, a citizen of Texas, liable for support after such date upon which defendant became a bona fide resident of Texas.

It follows that the judgment of the Trial Court is reversed and judgment rendered that plaintiff take nothing as to amounts accruing prior to 21 May 1951—and as to amounts accruing after 16 July 1951. The judgment of the Trial Court is affirmed as to amounts accruing in such period in the amount of $80 (together with interest at the rate of 6% from date of judgment). Costs in the Trial Court are adjudicated against defendant; costs in the Court of Civil Appeals are adjudicated equally against the parties. Rule 448, Texas Rules of Civil Procedure.

Reversed and rendered in part, affirmed in part.