**Phillip J. HAMM, as Commissioner of Revenue of the State of Alabama, Appellant,**

v.

**Mary W. BERREY, Appellee.**

**No. 14611.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 6, 1967.

Rehearing Denied Oct. 11, 1967.

John M. Killian, Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellant.

Bobbitt, Brite, Bobbitt & Allen, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit by the Commissioner of Revenue of the State of Alabama, appellant, to enforce an assessment for non-resident income taxes made against appellee. Appellant appeals from an order of the trial court sustaining appellee's plea to the jurisdiction.

The material findings of fact made by the court are summarized as follows: (a) Appellee has been a continuous resident of the State of Texas since 1922, and was last physically present in Alabama in 1941. (b) Appellee sold certain interests in real estate owned by her in Alabama in the years 1952, 1953 and 1954. (c) Appellee failed to file an Alabama non-resident income tax return for the years 1952, 1953 and 1954. (d) Appellee made no appearance before the Department of Revenue of the State of Alabama, or in any court within that State in regard to such non-resident income tax claim. (e) No judgment has ever been obtained against appellee in any court within the State of Alabama.

The following conclusions of law were filed by the court: (1) The assessment rendered against defendant by the Revenue Department of the State of Alabama is not a judgment and the Courts of the State of Texas are not required to extend full faith and credit to such assessment. (2) That comity does not require that the Courts of the State of Texas enforce the revenue laws of the State of Alabama. (3) That the revenue laws of the State of Alabama in regard to the collection of non-resident income taxes are penal in nature, and will not be enforced in the Courts of this State. (4) That under the authority of State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758, this action cannot be maintained by Plaintiff against Defendant in the Courts of the State of Texas.

During the years 1952, 1953 and 1954, appellee, then a resident of the State of Texas, sold certain interests in lands owned by her in Alabama. In December of 1961, appellee received a letter from the Depart-

ment of Revenue of the State of Alabama to the effect that, according to their records, she had not filed Alabama non-resident income tax returns for the years 1952, 1953 and 1954, and that if no such returns had been filed to file them immediately. Appellee made no response to that letter. On January 31, 1962, another letter was sent to her stating, since she had not cooperated in filing these returns that her income tax liability had been compiled for said years from best information available, and a statement of such liability was attached. Under date of February 18, 1963, final assessment of income taxes for the three calendar years was made and notice of such final assessment was allegedly mailed to appellee by registered mail on or about February 21, 1963, which notice provided that an appeal could be taken from said assessment within thirty days from the date of such final assessment. Appellee made no formal protest or appeal to the Commissioner of Revenue or to any court within the State of Alabama, and made no payments to the Commissioner of Revenue with regard to such non-resident income taxes. Appellee at no time made any appearance before the State Department of Revenue or any court of Alabama with respect to such non-resident income taxes.

Appellant's principal contentions on appeal are: (1) The assessment of income tax made by the Department of Revenue, with no appeal therefrom, constitutes a judgment and was entitled to full faith and credit under Article IV, Section 1, of the United States Constitution. (2) The trial court erred in concluding that principles of comity do not require the courts of the State of Texas to enforce the revenue laws of the State of Alabama. (3) The trial court erred in concluding that the revenue

laws of the State of Alabama in regard to the collection of non-resident income taxes are penal in nature and will not be enforced by the courts of this State.

Appellant contends that under Alabama laws a final assessment entered by the State Department of Revenue and not appealed from by a taxpayer is as conclusive as a judgment of an ordinary court, and no attack can be made upon it except as applies to an ordinary court judgment. Appellant, in his brief, cites a number of Alabama cases in support of this contention, and also refers to and sets forth various sections and provisions of ,the Alabama laws applicable to the assessment of income taxes, including Sections 140, 373, 407 and 770, Title 51, Code of Alabama, 1940, and also Section 139 of the Alabama Constitution.

We agree with appellant's contention that a State must, under Article 4, Section 1, of the Constitution of the United States, give the final judgment of a sister State the same force and effect as it is entitled to in the State in which it is rendered. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82; Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942). However, there was no request by appellant for the trial judge to take judicial notice of the public statutes and court decisions of the State of Alabama as provided by Rule 184a, Texas Rules of Civil Procedure,[1] nor did he plead or prove the applicable provisions of the Alabama law upon which he relies. Our Texas Courts may not take judicial notice of the laws of another State in the absence of a proper request to do so. Harris v. Harris, Tex. Civ.App., 403 S.W.2d 445, writ ref'd n. r. e. Since appellant has neither pled nor proved

1. Rule 184a.
"The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review."

what the laws of Alabama are, nor availed himself of Rule 184a, T.R.C.P., it will be presumed that the laws of Alabama are the same in respect to the facts presented as those of Texas. Harris v. Harris, supra; Lodge v. Lodge, Tex.Civ.App., 368 S.W.2d 40, no writ; Kansas City Title Ins. Co. v. Butler, Tex.Civ.App., 265 S.W.2d 154, writ ref'd n. r. e.; Vickers v. Faubion, Tex.Civ. App., 224 S.W. 803, no writ; Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600, writ ref'd.

Black's Law Dictionary, Third Edition, defines a judgment as "The official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination."

■ Appellant relies heavily on Commonwealth of Massachusetts v. Davis, supra, which was a suit by the State of Massachusetts in a Texas court against Davis on an income tax judgment rendered against Davis in a court in the State of Massachusetts. Davis contended that the Massachusetts income tax law was unconstitutional and our Supreme Court, in refusing to pass on the question of the constitutionality of such statute, held that Texas was required to give full faith and credit to the Massachusetts *judgment* if the court which rendered it had jurisdiction of the parties and of the subject matter of the suit. Appellant also relies on Gard v. Gard, 244 S.W.2d 884, writ dism'd, and

Garman v. Reynolds, 284 S.W.2d 262, writ ref'd, but in both of those cases judgment had been rendered in other states, by their courts, and requests had been made under Rule 184a to take judicial notice of the foreign law. There is nothing in this record to establish that the assessment made by the Department of Revenue of the State of Alabama was a judgment which will be entitled to full faith and credit under Article IV, Section 1, of the United States Constitution. The trial court correctly concluded that the suit brought by appellant was based upon an assessment made by the State Department of Revenue of Alabama and not based on a judgment rendered by a court of Alabama.

■ Appellant's points of error that the trial court erred in concluding that principles of comity do not require that the courts of the State of Texas enforce the revenue laws of the State of Alabama, and erred in concluding that the revenue laws of the State of Alabama in regard to the collection of non-resident income taxes are penal in nature and will not be enforced in the courts of this State, will be discussed together. In support of his point of error with regard to comity appellant relies on Article 20.17 Vernon's Ann.Civ.St.,[2] and sets forth in his brief the comity statute of the State of Alabama, Title 51, Sec. 914, with regard to enforcement of liability for taxes imposed by other states.[3] It is to be noted that the Texas statute is confined to

2. "Art. 20.17. Tax Suit Comity—The courts of this State shall recognize and enforce liabilities for sales and use taxes lawfully imposed by any other state, provided that such other state extends a like comity to this State. As amended Acts 1961, 57th Leg., 1st C.S., p. 71, ch. 24, art. I, § 1; Acts 1963, 58th Leg., p. 371, ch. 138, § 1."

3. "§ 914. Enforcement of liability for taxes imposed by other states.—The courts of the state of Alabama shall recognize and enforce the liability for taxes lawfully imposed by the laws of any other state that extends like comity to the state of Alabama and the officials of such other state are hereby authorized

to bring action in the courts of this state for the collection of such taxes. The certificate of the secretary of state of such other state that such officials have the authority to collect the taxes so to be collected by such action shall be conclusive proof of that authority.

"The term 'taxes' as used in this section shall include: (a) Any and all tax assessments lawfully made. (b) Any and all taxes (including contributions under all unemployment compensation law or other contributions in the nature of a tax) whether such taxes (including contributions) are assessed or not, licenses and fees. (c) Any and all penalties lawfully imposed pursuant to a taxing stat-

sales and use taxes and does not mention income taxes. More significant is the fact that no proof of the provisions of the applicable Alabama comity statute was made to the court, nor did appellant set forth the terms and provisions of such statute in any of his pleadings, but merely referred to such statute as "Title 51, Section 914, Code of Alabama 1940, recompiled 1958." As hereinbefore pointed out, appellant did not invoke the provision of Rule 184a, T.R.C.P., consequently, under the decisions hereinbefore set forth, the terms and provisions of the Alabama comity statute were not available to the trial court at the time the case was decided.

The holding of the trial court is supported by the case of State of California v. Copus, supra, which was an action by the California Department of Mental Hygiene against a Texas resident who had formerly resided in California, for support and maintenance payments for the mother of the defendant who was confined at a California hospital, both before and after defendant changed his residence, under a California statute imposing liability upon children of persons confined in the state hospital for support and maintenance. The Waco Court of Civil Appeals in Copus v. Department of Mental Hygiene, State of California, Tex.Civ.App., 301 S.W.2d 217, reversed and rendered a judgment of the trial court for the full amount sued upon and stated:

"Comity, under the authorities cited, will not require Texas to enforce the liability imposed by the California statute upon one of our citizens, when the public policy of this state creates no such liability. It should be noted that there is no question here of enforcing a California judgment—only the question of enforcing a right created by a California statute, against a citizen of Texas, when the statutes and public policy of Texas admit of no such right."

ute. (d) Interest charges lawfully added to the tax liability which constitutes the

The Supreme Court of Texas in affirming said judgment in part and reversing it in part (State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 67 A.L.R.2d 758) stated: "The general rule rather universally recognized is that the statutes of a state ex proprio vigore have no extraterritorial effect. * * * We hold there can be no recovery by the State of California against respondent for support rendered to his parent after respondent removed from the State of California and became domiciled in this State."

See also annotation in 165 A.L.R. 796 on the right to maintain an action to collect a tax due to another state, at pages 796 and 802, wherein it is said that the rule became generally established, that the revenue laws of one state or country will not be enforced in the courts of another state or country, and that the view that an action or proceeding may be maintained in the courts of one sovereignty to recover taxes due to another sovereignty has received scant support from the courts.

An out-of-state case closely in point is Wayne County v. Foster & Reynolds Co., 277 App.Div. 1105, 101 N.Y.S.2d 526, wherein the Supreme Court of the State of New York (Appellate Division), on a set of facts similar to those in this case, said: "Here, as in the other case, no judgment has been obtained in the state of Michigan, and plaintiffs must rely solely upon the assessment. *A tax assessment is not a judgment for the purpose of suing thereon in a foreign jurisdiction.* Plaintiffs may not collect the taxes against their nonresident through the instrumentality of the courts of New York without first having the assessment reduced to judgment against the taxpayer in the taxing jurisdiction in compliance with due process." (Emphasis added.)

All of appellant's points of error are overruled. The judgment of the trial court is affirmed.

subject of the action. (1947, p. 513, appvd. Oct. 9, 1947.)"