COMMERCIAL CREDIT AND CONTROL DATA CORPORATION, Appellant,

v.

John K. and Patrice WHEELER, Appellees.

No. 13–87–183–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

Rehearing Denied Aug. 31, 1988.

A.J. Pope, Alpine, for appellant.

Leslie W. Wheeler, Canoga Park, Cal., for appellees.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, Commercial Credit and Control Data Corporation, brought suit against appellees, John and Patrice Wheeler, for breach of a retail installment contract executed in connection with appellees' purchase of a mobile home. After a bench trial, the court held appellant was not entitled to recover the balance due on the contract because its claim was barred by limitations. Findings of fact and conclusions of law were properly requested and filed. Appellant's sole point of error attacks the trial court's holding that appellant's claim was barred by limitations. We affirm.

Before reaching the merits of the controversy, we will address appellant's question concerning the disqualification of appellees' counsel, Mr. Leslie W. Wheeler.

On July 19, 1986, Wheeler, who is licensed to practice law in California but not in Texas, wrote a letter to the clerk of the 105th District Court advising that appellees desired him to represent them and requesting that the clerk send him a copy of the rules concerning the limited practice of law by attorneys licensed in other jurisdictions.

On October 29, 1986, appellees' former counsel, Charles Zahn, filed a motion to substitute counsel requesting the court substitute Wheeler as appellees' attorney of record. Several days later, appellant filed a written objection to the trial court's allowance of an attorney not licensed in Texas to be substituted as counsel.

The district clerk notified appellee Patrice Wheeler on December 2, 1986, that the court had accepted Leslie Wheeler as her attorney. Appellant again objected to the court's substitution of counsel.

After trial and while this appeal was pending, appellant filed several motions asking this Court to strike appellees' briefs and to reverse and render judgment on appellant's behalf. The primary basis for these motions is that by representing the appellees, Leslie Wheeler has been unlawfully practicing law in the State of Texas.

Tex.Gov't Code Ann. § 81.102 (Vernon 1987) provides:

(a) Except as provided by Subsection (b), a person may not practice law in this state unless the person is a member of the state bar.

(b) The supreme court may promulgate rules prescribing the procedure for limited practice of law by:

(1) attorneys licensed in another jurisdiction;

(2) bona fide law students; and

(3) unlicensed graduate students who are attending or have attended a law school approved by the supreme court.

Rule XV of the Rules Governing Admission to the Bar of Texas (adopted by the Supreme Court of Texas, amended September 1, 1985) reads as follows:

(a) A reputable non-resident attorney, although not licensed to practice law in Texas, may, after first complying with the requirements hereinafter set forth, participate in the trial or hearing of any particular cause in this State, provided *a resident practicing attorney of this State, a member of the State Bar of Texas, is actually employed and associated and personally participates with such nonresident attorney in such trial or hearing.* If such admission is sought to any court of this State by a non-resident attorney, *applicant shall first file with the court wherein said attorney seeks admission a written sworn motion requesting admission.* (emphasis ours).

■ Wheeler has not been associated with a member of the State Bar of Texas during his legal representation of the appellees. He also failed to file a "written sworn motion requesting admission" with either the trial court or with this Court. Hence, we have seen fit to strike appellees' briefs in accordance with appellant's motions. However, we decline to render judgment on appellant's behalf. The burden rests on the appellant to present to us, through its brief, errors committed by the trial court. Tex.R.App.P. 74(*l*)(1). The appellees' failure to properly submit a brief does not in itself entitle appellant to a reversal.

Turning to the merits of the controversy, the facts as found by the trial court are as follows.

On August 16, 1974, appellees purchased a mobile home from a dealer in Upper Marlboro, Maryland, and signed a contract to finance the transaction through appellant. The contract called for 72 monthly payments of $219.77 commencing on September 16, 1974.

In January of 1976, appellees sold the mobile home to Susan Bunnell without appellant's prior written consent. The sale took place in California.

After February of 1976, appellees failed to make any payments pursuant to their contract. Appellant repossessed the mobile home in California on October 7, 1977. On January 23, 1984, appellant filed suit in Texas (the state in which appellants then resided) for recovery of the unpaid balance of $7,752.55 plus interest and attorney's fees.

The court concluded that since appellant's cause of action arose prior to January 22, 1980, four years prior to the filing of suit, the action is barred by the Texas statute of limitations.

By its sole point, appellant contends the trial court erred in applying the Texas law of limitations to the case at bar.

Tex.Bus. & Com.Code Ann. § 2.725 (Vernon 1986) provides in pertinent part:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(b) A cause of action accrues when the breach occurs regardless of the aggrieved party's lack of knowledge of the breach.

Tex.Civ.Prac. & Rem.Code Ann. § 16.067 (Vernon 1986) states:

(a) A person may not bring an action to recover a claim against a person who has moved to this state if the claim is barred by the law of limitations of the state or country from which the person came.

(b) A person may not bring an action to recover money from a person who has moved to this state and who was released from its payment by the bankruptcy or insolvency laws of the state or country from which the person came.

(c) *A demand that is against a person who has moved to this state and was incurred prior to his arrival in this state is not barred by the law of limitations until the person has lived in this state for 12 months.* This subsection does not affect the application of Subsections (a) and (b). (emphasis ours).

■ Section 16.067 (formerly Tex.Rev. Civ.Stat.Ann. art. 5543) is to be construed in harmony with Texas statutes of limitation. *Continental Supply Co. v. Hutchings*, 267 S.W.2d 914, 915 (Tex.Civ.App.— Dallas 1954, writ ref'd). The effect of subsection (c) is to allow an immigrant, once he has lived in Texas for one year, to plead Texas' statute of limitations against any claim which arose in another state. This right attaches even though a longer limitation may be prescribed by the statutes of the state in which the claim arose. *Copus v. Department of Mental Hygiene*, 301 S.W.2d 217, 221 (Tex.Civ.App.—Waco 1957), *rev'd on other grounds*, 309 S.W.2d 227 (Tex.1958).

■ At trial, appellee Patrice Wheeler testified that she and her husband were currently residing in Texas and had been

here since January of 1982. This testimony was uncontroverted. As previously stated, appellant filed its breach of contract action on January 23, 1984. Since appellees had been living in this state for over a year at the time suit was filed against them, they were entitled to plead the protection of our four-year limitations statute against a cause of action which accrued in 1976.

We conclude the trial court did not err in holding that appellant's claim was barred by limitations. Appellants' sole point of error is overruled.

The judgment of the trial court is AFFIRMED.