

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SUNCHON YU, | § | No. 08-20-00098-CV |
| Appellant, | § | Appeal from the |
| v. | § | 448th District Court |
| SUN JOO KOO AND BONG KOO, | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2019DCV4130) |

**O P I N I O N**

Appellant Sunchon Yu appeals the trial court's denial by operation of law of her motion to dismiss under the Texas Citizen's Participation Act ("TCPA"). Appellant claims the initial lawsuit brought by Appellees Sun Joo Koo (Mrs. Koo) and Bong Koo (Mr. Koo) was based on or in response to her right to the exercise of free speech, because their claims for defamation and intentional infliction of emotional distress ("IIED") were made following her report to the police of being sexually assaulted by Mr. Koo. Later-filed claims for conversion and unjust enrichment, according to Appellant, were filed in response to her right to petition when she filed a motion to dismiss, and thus also should be dismissed under the TCPA.

We agree, in part, with Appellant's position and find the trial court erred in denying Appellant's motion in its entirety. We therefore reverse and render in part and remand the remaining claims to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

The background facts in this case come from Appellant's brief. Because Appellees failed to file a brief contradicting Appellant's version of events, we accept Appellant's version as true. TEX.R.APP.P. 38.1(g); *Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006); *Roberts v. Roberts*, 999 S.W.2d 424, 439 (Tex.App.—El Paso 1999, no pet.).

Appellant worked for Appellees in their retail clothing store locations in El Paso. Beginning in 2017, Appellant began commuting with Mr. Koo to work, leaving her car at Appellees' home and riding with Mr. Koo in the company van to the store. Over time, Mr. Koo began making sexual comments and advances toward Appellant during these rides to and from work. On multiple occasions, comments and advances gave way to Mr. Koo exposing himself and physically assaulting Appellant. Despite Appellant rejecting his advances, the behavior continued. On July 4, 2019, Mr. Koo sexually assaulted Appellant in the company van while the two were traveling on Transmountain Highway from work. Appellant escaped from the van and with the help of a bystander, called police. She reported the sexual assault to police when they arrived at the scene.

Three months later, Appellees filed a lawsuit against Appellant alleging defamation and intentional infliction of emotional distress for allegedly falsely accusing Mr. Koo of rape.[1] Among other allegations, Appellees' original petition claimed Appellant made statements in June of 2017 that Mrs. Koo "lacked the intelligence to know what was going on between" Appellant and Mr. Koo. Appellees claimed Mr. Koo suffered from emotional distress after Appellant "falsely

---

[1] Appellees' original petition does not explicitly state what causes of action they allege against Appellant. However, based upon the allegations and damages sought, and the civil case information sheet filed with their original petition, we assume, and it appears the parties agree, Appellees' initial lawsuit was for defamation and IIED.

accused" him of raping her in the company van. The original petition also states Appellant made false statements "to potential and present clients of the [Appellees'] business, police officers, employees, and other members of the business community," in addition to the El Paso Police Department and the Texas Workforce Commission. The original petition also claimed Appellant drank alcohol while working, stole money from Appellees' business, and requested gifts from Mr. Koo.

Appellant filed her initial motion to dismiss on December 19, 2019, pursuant to the Texas Citizen's Participation Act and Rule 91a of the Texas Rules of Civil Procedure. She argued the TCPA applied to Appellees' suit because it was a legal action against a victim or alleged victim of family violence or dating violence under the Family Code, or an offense under Chapter 20, 20A, 21, or 22 of the Penal Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.010(c). Appellant's motion argued Mr. Koo's claims were brought in response to her exercise of her rights of free speech and to petition, therefore, invoking the TCPA. Appellant also argued Mrs. Koo's claims against her should be dismissed under Rule 91a because the allegations, even if true, did not state a claim for defamation or IIED as to Mrs. Koo. In an order dated December 23, 2019, the trial court set the motion to dismiss for hearing on January 8, 2020.

On January 7, 2020, Appellees filed their amended petition. In their amended petition, Appellees claim Appellant took money, makeup, clothes, and merchandise valued at $15,000 from them. They also alleged two new claims for conversion and unjust enrichment based on Appellant retaining merchandise, clothing, and money from Appellees' business. The same day, Appellees filed a motion for continuance, alleging they needed a translator to prepare for the hearing and no translator was available on such short notice. Further, Appellees' counsel's office had been closed

from December 23, 2019, until January 6, 2020, for the holidays, so therefore, they were unaware of the motion having been filed. Appellees' response to Appellant's original motion to dismiss asserted, "[t]he statements made by the [Appellant] are not limited to statements covered by the [A]ct. [Appellant] made several statements that are not protected by the [A]ct, and still meet the elements of the causes of action alleged." Appellees' response reiterated their factual assertions in the amended petition. Appellees argued the statements complained of do not only concern the alleged sexual assault because they also concern statements about Mrs. Koo's intelligence and the circumstances involving termination of Appellant's employment with Appellees. The response also states, "the acts that gave rise to the causes of action for Conversion, Unjust Enrichment, and Intentional Infliction of Emotional Distress involve Mrs. Koo, who made no such statements, nor engaged in any behavior that avail the Defendant of any defenses pursuant to the Act."

Appellant filed an amended motion to dismiss on January 24, 2020, reiterating the grounds for dismissal on the defamation and IIED claims she asserted in her original motion,[2] and added the additional grounds for dismissal on the newly-pleaded conversion and unjust enrichment claims. Specifically, Appellant argued Appellees' claims for defamation related to statements about the alleged sexual assault, thus implicating the TCPA because it was brought based on or in response to communications she made about a matter of public concern. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(3). Appellant argued, to the extent Mrs. Koo's defamation and IIED claims were based on statements related to her alleged termination, they also implicated the TCPA because termination for reporting sexual assault or harassment is unlawful under federal and state labor laws and is also thus a matter of public concern. Appellant also

---

[2] Because this appeal does not concern any ruling on the Rule 91a motion to dismiss, we limit our discussion of the issues to those pertaining to the TCPA motion to dismiss.

asserted any claims based upon statements allegedly made to the Texas Workforce Commission were based on or in response to her right to petition under the TCPA.

With respect to the newly-added claims, Appellant asserted they were filed in response to her right to petition; specifically, Appellees asserted the two new causes of action against her in response to her motion to dismiss against their original defamation and IIED claims. She also claimed the conversion and unjust enrichment claims were filed in response to her right of free speech, as they were also filed in response to her making a police report against Mr. Koo for the alleged sexual assault.

Appellees' response to the amended motion to dismiss was filed in advance of the hearing. Their response is almost identical to the response to the original motion to dismiss, although it includes additional citations to case law regarding statements employees make regarding their employers and applicability of the TCPA in those circumstances. Additionally, Appellees urge their additional claims were not filed "in response to" Appellant's motion to dismiss, but rather were "discovered through the course of discovery" and "collection of evidence via a translator." Appellees also include a motion for limited discovery, all the while acknowledging the filing of the motion to dismiss suspended discovery. Appellees did not attach any affidavits or other evidence to either response or did not seek to admit any exhibits into evidence at the hearing on the motion to dismiss, which occurred on February 21, 2020.

The trial court failed to rule on the motion within thirty days of the hearing, thereby denying the motion by operation of law. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 27.005(a), 27.008 (a).

**DISCUSSION**

In her sole issue on appeal, Appellant asks this Court to determine whether the trial court

erred in denying Appellant's Amended Motion to Dismiss as to each of Appellees' four causes of action against her. Appellees did not file a brief responding to Appellant's arguments. However, their failure in this regard does not, on its own, entitle Appellant to a reversal of the trial court's decision. *See Commercial Credit & Control Data Corp. v. Wheeler*, 756 S.W.2d 769, 771 (Tex.App.—Corpus Christi-Edinburg 1988, writ denied). Instead, we consider the merits of the errors raised by Appellant in her brief to determine whether reversal is appropriate. *Id.*

### *Standard of Review and Applicable Law*

The stated purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."[3] TEX.CIV.PRAC.&REM.CODE ANN. § 27.002. Where a "legal action is based on or is in response to a party's exercise" of one of the enumerated rights, the aggrieved party may seek dismissal of the action by filing a motion to dismiss. *Id.* at § 27.003(a).

A trial court's ruling on a motion to dismiss under the TCPA is reviewed *de novo*, as is the court's determination on the statutory interpretation of the TCPA. *See Darnell v. Rogers*, 588 S.W.3d 295, 300 (Tex.App.—El Paso 2019, no pet.)(*citing Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). "The court first examines whether the defendant invoked the [Act] by showing, by a

---

[3] All references to the TCPA are to the version that applies to this dispute. Section 27.010 of the TCPA was amended in 2021. *See* Act of May 27, 2021, 87th Leg., R.S., ch. 915, § 3.001, sec. 27.010, 2021 TEX.SESS.LAW SERV. Ch. 915 (to be codified at TEX.CIV.PRAC.&REM.CODE ANN. § 27.010). These amendments were made to confirm numbering references to the Code of Criminal Procedure, but do not substantively change the text of Section 27.010. *See id.*

preponderance of the evidence, that the plaintiff's claim 'is based on, relates to, or is in response to the [Defendant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association.'" *Darnell*, 588 S.W.3d at 300 (*citing* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b)).[4] If the movant meets its burden, the court then looks to whether the plaintiff has "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c); *see Darnell*, 588 S.W.3d at 300-01. If the nonmovant fails to meet its burden under the second step, its claim must be dismissed. TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b). However, if the nonmovant meets its burden under the second step, the third step still requires dismissal if the movant demonstrates by a preponderance of evidence "each essential element of a valid defense to the nonmovant's claim." TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(d).

In deciding the applicability of the TCPA and, if necessary, whether the nonmovant has met its burden of producing clear and specific evidence of each essential element of its claim, a court is required to look to the pleadings and all affidavits, both supportive and opposing, which state the facts supporting the liability or defense at issue. TEX.CIV.PRAC.&REM.CODE ANN. § 27.006(a). Further, if available, a court may consider evidence produced by either party in support of its position, although neither party is required to produce evidence beyond affidavits if doing so can satisfy its burden under the statute. *See In re Lipsky*, 460 S.W.3d 579, 590-91 (Tex. 2015); *S&S Emergency Training Solutions, Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

***Analysis***

---

[4] The Act also applies to legal actions based on or in response to "the act of a party described by [Texas Civil Practices and Remedies Code] Section 27.010(b)[,]" but the type of action described in Section 27.010(b) does not apply in this case. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b).

**Right of Free Speech**

Appellant asserts the TCAP applies to Appellees' causes of action for defamation and IIED because Appellees filed them in response to statements Appellant made to the police and others regarding Mr. Koo's alleged sexual assault of Appellant. For these reasons, Appellant argues the initial two claims for both Appellees are based on or in response to her exercise of the right of free speech. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(a).

Whether a claim is based on or in response to a party's exercise of the right of free speech requires analysis of two components: (1) whether the party makes a communication; and (2) whether such communication is made in connection with a matter of public concern. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(3).

A "communication" under the TCPA is "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(1). Case law defines "communication" under the TCPA as very broad, encompassing "[a]lmost every imaginable form of communication, in any medium[.]" *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018).

Appellant asserts Appellees' pleadings indicate their lawsuit is based on or in response to her exercise of the right of free speech, specifically because they are "predicated on the report of assault" allegedly committed upon Appellant by Mr. Koo. Under the factual background portion of Appellees' Amended Petition, they allege the following facts pertinent to this inquiry:

- "[Appellant] made false allegations of sexual assault on or about June 4, 2019."

- Appellant began making defamatory statements about Mrs. Koo's intelligence and her ignorance regarding the alleged extramarital relationship between Appellant and Mr. Koo.

- The alleged sexual relationship between Appellant and Mr. Koo was consensual.

8

- On the date of the alleged assault, "[Appellant] demanded money and gifts" from Mr. Koo "in exchange for the continuation of the sexual relationship between them." When he denied this request, "[Appellant] exited the vehicle and began making false statements regarding [Mr. Koo] that caused him damages and severe emotional distress. Specifically, [Appellant] falsely accused [Mr. Koo] of sexually assaulting her in the van." The allegations continue, "[Appellant] began to threaten [Mr. Koo] of future retaliatory statements on a daily basis, causing severe stress, anxiety, fear, and ultimately causing bodily injury."

- Appellant communicated the allegedly false statements regarding the sexual assault to "potential and present clients of [Appellees'] business, police officers, employees, and other members of the business community."

- Appellant made several statements regarding Mrs. Koo and her alleged knowledge of and reaction to learning of the alleged relationship between Mr. Koo and Appellant. Specifically, Appellant allegedly told third parties Mrs. Koo fired her out of retaliation for having an affair with Mr. Koo, and Mrs. Koo was "too stupid to see that her husband and [Appellant] were having a sexual affair."

- "[Appellant] published false statements with the El Paso County Police Department who investigated the incident but . . . have not charged [Mr. Koo] with any wrong doing, nor indicted him[.]"

- "[Appellant] continued to publish these false statements [regarding the alleged sexual assault] to potential and present clients of the [Appellees'] business, police officers, employees, the Texas Workforce Commission and other members of the business community from June 4, 2019[,] through the filing of this petition."

Appellees' claim for defamation is based on Appellant's statements, and no additional allegations regarding Appellant's alleged statements are contained within Appellees' pleading. It is clear from Appellees' amended petition their claims are based on or in response to communications made by Appellant, as the term is defined under the TCPA. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(1). We therefore move on to consider whether those communications are made in connection with a matter of public concern.

In their response to Appellant's amended motion to dismiss, Appellees argue the statements at issue do not only involve the statements made involving the sexual assault, but also her alleged ongoing intimate relationship with Mr. Koo, and Mrs. Koo's knowledge—or lack thereof—

regarding their relationship. The alleged statements upon which Appellees' defamation and IIED claims fall into one of three categories: (1) statements directly involving the alleged sexual assault; (2) statements involving Appellant's termination from employment with the Appellees; and (3) statements involving Appellant's opinion regarding Mrs. Koo's intelligence. We will examine each in turn under the "right of free speech" framework under the TCPA.

The TCPA defines a matter of public concern as "a statement or activity regarding: . . . (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(7). This definition includes "commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions." *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017)[Internal quotations omitted]. Here, most of Appellant's alleged statements Appellees' rely on for their defamation and IIED claims center on Appellant's claims of a sexual assault by Mr. Koo. Sexual assault is a crime. *See* TEX.PENAL CODE ANN. § 22.011. Incidentally, making a false police report, as Appellees assert Appellant did here regarding the alleged sexual assault, is also a crime. *See id.* at § 37.08. Thus, to the extent Appellees' defamation claims are predicated upon Appellant's statements to any third party, whether public or private, concerning either the alleged sexual assault or Appellant's reporting of it to the police, we find they are based on or in response to Appellant's exercise of her right of free speech.

Appellant urged in her motion and now on appeal that statements about the circumstances of her termination are also matters of public concern because, as she states in her brief, "[t]ermination for reporting sexual assault or harassment is unlawful retaliation under [federal and state labor laws]." Thus, because those types of employment practices are unlawful, statements

about them constitute matters of public concern. In support, she cites to *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 901 (Tex. 2017), where an employee's statements regarding environmental violations made by his employer, for which he was terminated, were deemed matters of public concern. However, in *Coleman*, a previous version of the TCPA included in the definition of "matter of public concern" "'issue[s] related to' health, safety, environmental, economic, and other identified matters of public concern chosen by the Legislature." *See id.* at 899 (citing Act of June 17, 2011, 82nd Leg., R.S., ch. 341, 2011 TEX.GEN.LAWS 961, 962 (amended 2019)(current version at TEX.CIV.PRAC.&REM.CODE ANN. § 21.001(7)). The Act has since been amended to do away with the "health and safety" portion of the definition of "matters of public concern." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(7). Thus, where once a statement about an employer's health and safety practices would clearly have fallen under the scope of the TCPA, the newly-limited scope of "matters of public concern" no longer applies to broader concerns of health or safety where they do not also involve a "matter of political, social, or other interest to the community; or (C) a subject of concern to the public." *See id.* Although wrongful termination allegations by a private employer might, under some circumstances, involve "matter[s] of political, social, or other interest to the community," or might otherwise be "a subject of concern to the public," we are not convinced the allegations here rise to that level.[5]

Additionally, the facts alleged by Appellees regarding Appellant's statements pertaining to her termination do not mention she was terminated as retribution for reporting the alleged assault.

---

[5] In declining to extend the definition of "matter of public concern" to the facts of this case, we do not intend to minimize the gravity of Appellant's allegations she was terminated as retribution for reporting the alleged sexual assault. We simply state that the pleadings and evidence before us do not prove, by a preponderance of the evidence, the Appellees' claims for defamation and IIED to the extent based on statements regarding Appellant's termination, are based on or is in response to her exercise of the right of free speech.

Rather, Appellees allege Appellant told others she was terminated as retribution for her affair with Mr. Koo. Absent additional facts pleaded or evidence from supporting or controverting affidavits, we do not believe the statements complained of by Appellees which Appellant purportedly made regarding her termination implicate the TCPA's scope for the exercise of Appellant's right to free speech. Termination as retribution for an employee having an extra-marital affair does not involve a matter of public concern; such a matter, under the circumstances pleaded here, presents a matter purely of private concern. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134-35 (Tex. 2019)("matter[s] of public concern" do not include matters of purely private concern, and "commonly refers to matters 'of political, social, or other concern to the community,' as opposed to purely private matters."). Similarly, we do not find that statements Appellant purportedly made regarding her opinions on Mrs. Koo's intelligence involve matters of public concern, and thus we are unpersuaded that they involve Appellant's right of free speech. *See id*.

### Right to Petition

Appellant posits the TCPA applies to Appellees' defamation and IIED claims because they were made in response to her report of the assault to the police, and statements made to the Texas Workforce Commission, both of which involve her right to petition. *See Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 609 (Tex.App.—San Antonio 2018, pet. denied)(TCPA applies to statements made to police based on right to petition); *In re Lipsky*, 411 S.W.3d 530, 541 (Tex.App.—Fort Worth 2013, orig. proceeding), *mand. denied*, 460 S.W.3d 579 (Tex. 2015)(TCPA applies to statements made in official proceedings, including proceedings before a subdivision of state government).[6] Appellant also argues the TCPA applies to Appellees' claims

---

[6] *See also Callins v. Swift Transp. Co. of Arizona, LLC*, No. 3:17-CV-1975-C-BN, 2018 WL 4290790, at *5 (N.D. Tex. Feb. 28, 2018), *report and recommendation adopted*, No. 3:17-CV-1975-C-BN, 2018 WL 4283555 (N.D. Tex.

12

for conversion and unjust enrichment because Appellees amended their petition to add them expressly for purposes of trying to defeat her motion to dismiss under the TCPA, which, according to Appellant, is a communication pertaining to a judicial proceeding and thus implicates her exercise of the right to petition.

Whether a claim is based on or in response to a party's exercise of the right to petition requires us to determine: (1) whether the party makes a communication; and (2) whether such communication is made in or pertaining to, a judicial proceeding, "an official proceeding, other than a judicial proceeding, to administer the law;" or "an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government[.]" *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(4)(A). As discussed previously, "communication" under the TCPA is "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic[,]" and encompasses "[a]lmost every imaginable form of communication, in any medium[.]" *Id.* at § 27.001(1); *Adams*, 547 S.W.3d at 894.

With respect to statements Appellant made to the police regarding her sexual assault, we have already determined those statements implicate the TCPA as communications based on Appellant's right of free speech. We likewise find they implicate the TCPA under the right of petition. *See Murphy USA, Inc. v. Rose*, No. 12-15-00197-CV, 2016 WL 5800263, at \*3 (Tex.App.—Tyler Oct. 5, 2016, no pet.)(mem. op.)(*citing Wood v. State*, 577 S.W.2d 477, 479 (Tex.Crim.App. 1978)(filing a police report, even if false, implicates right to petition)).

---

Sept. 7, 2018)(communications made in Texas Workforce Commission proceedings implicate right to petition under the TCPA).

Additionally, statements made in a Texas Workforce Commission proceeding would likewise implicate the right to petition. As the federal district court for the Northern District of Texas stated,

> A TWC unemployment benefits determination and appeal proceeding constitutes an 'official proceeding' as well as a 'governmental proceeding' under the Act. The TWC is a state agency established under the Texas Labor Code. TEX. LAB. CODE § 301.001. Unemployment benefit decisions and payments are made through the TWC in accordance with its rules. *Id.* § 207.001. Resolving disputes over claims are the responsibility of the TWC under the dispute resolutions provisions of Chapter 212 of the Texas Labor Code, which provides for administrative appeals considered by hearing officers who are employees of the TWC, as well as by the TWC itself.

*Callins*, 2018 WL 4290790, at *3; *see also* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(4)(defining "[e]xercise of the right to petition" in part as "a communication in or pertaining to . . . an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government" and "a communication in or pertaining to . . . a proceeding of the governing body of any political subdivision of this state."). Thus, to the extent Appellees' defamation and IIED claims are based on statements Appellant made in her Texas Workforce Commission proceedings, such statements implicate the TCPA based upon Appellant's right to petition.

We turn now to Appellees' conversion and unjust enrichment claims, and Appellant's position that they were filed in response to her motion to dismiss and are thus based on or in response to her exercise of the right to petition. In the context of the right to petition under the TCPA, documents filed within civil litigation are considered communications made in a judicial proceeding. *See, e.g., Collins v. Collins*, No. 01-17-00817-CV, 2018 WL 1320841, at *4 (Tex.App.—Houston [1st Dist.] Mar. 15, 2018, pet. denied)(mem. op.)(inventory in divorce

14

proceeding and affidavit served in discovery were exercises of right to petition); *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex.App.—Austin 2015, no pet.)(filing of *lis pendens* notice is exercise of right to petition). Accordingly, Appellant's motion to dismiss would be considered a communication made in a judicial proceeding. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(4)(A).

We now must consider whether Appellant proved by a preponderance of the evidence Appellees' causes of action for conversion and unjust enrichment were filed in response to Appellant's TCPA motion to dismiss, thus implicating the TCPA and shifting the burden to Appellees. First, we must look at the facts alleged in the case and the timing in which Appellees filed their new claims within the timeline of the litigation.

The alleged sexual assault occurred on July 4, 2019. That same day, Appellant's employment with Appellees ended. In their original petition, filed October 22, 2019, Appellees allege Appellant stole money and requested gifts from Mr. Koo. Appellant filed her first motion to dismiss on December 19, 2019. In an order dated December 23, 2019, the trial court set the motion to dismiss for hearing on January 8, 2020.

On January 7, 2020, Appellees filed their amended petition. In their amended petition, Appellees claim Appellant took money, makeup, clothes, and merchandise valued at $15,000 from them during her employment with them. Their added claims for conversion and unjust enrichment allege they arise from Appellant retaining merchandise, clothing, and money from their business. The motion for continuance alleged, among other things, Appellees needed a translator to prepare for the hearing, and no translator was available on such short notice. Appellees' response to Appellant's original motion to dismiss asserted, "[t]he statements made by the [Appellant] are not

15

limited to statements covered by the [A]ct. [Appellant] made several statements that are not protected by the [A]ct, and still meet the elements of the causes of action alleged." Appellees' response reiterated their factual assertions in the amended petition. Appellees argued the statements at issue do not only concern the alleged sexual assault because also arise from statements regarding Mrs. Koo's intelligence and the termination of Appellant's employment. The response also states, "the acts that gave rise to the causes of action for Conversion, Unjust Enrichment, and Intentional Infliction of Emotional Distress involve Mrs. Koo, who made no such statements, nor engaged in any behavior that avail the Defendant of any defenses pursuant to the Act."

Appellant filed an amended motion to dismiss on January 24, 2020, reiterating the grounds for dismissal on the defamation and IIED claims she asserted in her original motion, and adding the additional grounds for dismissal on the newly-pleaded conversion and unjust enrichment causes of action. On February 7, 2020, Appellees filed a response to the amended motion to dismiss. The response is almost identical to their first response to the original motion to dismiss, only adding citations to case law involving employees statements regarding their employers and applicability of the TCPA in those circumstances. Additionally, Appellees maintain their additional claims were not filed "in response to" Appellant's motion to dismiss, but rather were "discovered through the course of discovery" and "collection of evidence via a translator." Appellees also include a motion for limited discovery, all the while acknowledging the filing of the motion to dismiss suspended discovery. Appellees did not include any affidavits or other evidence to either response or did not seek to admit any exhibits into evidence at the hearing on the motion to dismiss on February 21, 2020.

16

In comparing the factual allegations of the original petition with the amended petition, we see no substantive additions indicating Appellees or Appellees' counsel lacked sufficient information to also assert claims for conversion and unjust enrichment at the time the original petition was filed.[7] Appellees' original petition alleges Appellant stole money while employed by Appellees. In their amended petition, Appellees claim Appellant took money, makeup, clothes, and merchandise valued at $15,000 from their store. The added claims for conversion and unjust enrichment allege they are based on Appellant's acts of retaining merchandise, clothing, and money from their business. These facts, in some regard, were known to Appellees when they filed their original petition, as is evidenced by the substance of their original petition.

Additionally, we cannot ignore the timing of the amended petition's filing and the newly-asserted causes of action. The amended petition was filed the day before the motion to dismiss hearing, contemporaneously with their response and a motion for continuance. Additionally, as Appellant notes in her brief and raised with the trial court in her amended motion to dismiss, the acts underpinning the conversion and unjust enrichment claims allegedly occurred during Appellant's employment with Appellees, which predate the alleged sexual assault and statements regarding it that form the basis of Appellees' defamation and IIED causes of action. This type of reactionary filing implicates the TCPA, regardless of whether the newly-asserted claims are valid. *See Cavin v. Abbott*, 545 S.W.3d 47, 68 (Tex.App.—Austin 2017, no pet.); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226-27 (Tex.App.—Austin 2018, no pet.).

---

[7] We offer no opinion on the sufficiency of the facts alleged to support Appellees' claims for conversion or unjust enrichment. Rather, we find that the sparse additional information supplied in the amended petition regarding the types of merchandise Appellant allegedly absconded with or their purported value does not carry Appellees' newly-asserted claims across some threshold of validity they would not otherwise have been able to traverse without these additional details. *See Chu v. Hong*, 249 S.W.3d 441, 444 (Tex. 2008)(citing *Houston Nat'l Bank v. Biber*, 613 S.W.2d 771, 774 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ re'd n.r.e.)("The general rule is that trover lies for the conversion of money only when there is an obligation resting on the defendant not to convert to his own use specific coin or notes.").

17

Appellees' response to Appellant's amended motion offers little in the way of responding to her contention their new claims were solely filed to defeat her motion to dismiss. Their response alleges the factual basis for conversion and unjust enrichment were "discovered through the course of discovery" and "the collection of evidence via a translator." Appellees cite *Serafine v. Blunt*, 466 S.W.3d 352 (Tex.App.—Austin 2015, no pet.), for the proposition that just because a claim is filed does not mean it is "in response to" the other party's right to petition.[8] However, our sister court in Austin found the circumstances in *Serafine* held the defendants in that case implicated the TCPA when they filed counterclaims against the plaintiff in response to *and because* she filed a lawsuit against them over a property dispute and a lis pendens on property they owned. *Id.* at 360-61.[9] Additionally, no discovery was conducted between the parties during the litigation due to an automatic stay. To the extent additional information was uncovered by Appellees' counsel with a translator between the time of their initial filing and their amended petition, as they allege, the amended petition does not reflect additional facts supporting their claims for conversion or unjust enrichment to explain why these claims were not alleged in their original petition. Further, the fact the amended petition was filed one day after Appellees' counsel was appraised of the TCPA motion to dismiss, a day before the motion to dismiss was set to be heard, undercuts Appellees' assertion the amended petition was *not* filed in response to Appellant's dismissal motion.

It appears to us the specific circumstances here—the substance of facts alleged in the pleadings, the dates they were filed in relation to one another and the hearing settings, and the lack

[8] It is unclear which part of *Serafine* Appellees rely upon for this proposition, as no pin cite is provided in their response and we find no similar proposition stated in the opinion.

[9] The Austin Court of Appeals held Appellant failed to meet her burden implicating the TCPA only with respect to claims for tortious interference that pertained to alleged threatening conduct she engaged in outside of the context of the lawsuit.

of reasonable alternative explanation from Appellees as to why they failed to initially assert the conversion and unjust enrichment claims. This is especially true when those supporting facts were known at the time of the original pleading—further indicate Appellees' later-asserted causes of action were filed in response to Appellant's filing of her TCPA motion to dismiss. For these reasons, we find Appellant satisfied her burden of showing by a preponderance of the evidence the TCPA applies to Appellees' conversion and unjust enrichment claims as being filed in response to her right to petition.[10]

### Clear and Specific Evidence Establishing a Prima Facie Case

Having determined Appellant satisfied her initial burden showing Appellees' four causes of action are based on or in response to a protected right under the TCPA, the burden shifts to Appellees to present clear and specific evidence establishing a prima facie case for each essential element of the claims implicated under the TCPA. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c).

Appellant urges Appellees' failure to present affidavits or other evidence before the trial court in response to her motion to dismiss, despite requesting a continuance of the hearing for that very purpose, fails to satisfy the TCPA's standard of "clear and specific evidence." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c). Appellant also argues the "vague and conclusory allegations" in Appellees' amended petition do not satisfy the standard articulated in the TCPA with respect to any of the causes of action asserted.

---

[10] Appellant also claims Appellees' conversion and unjust enrichment claims were filed in response to her right of free speech based on statements regarding the alleged sexual assault. Having already determined her right to petition was implicated under the TCPA on the later-filed claims, we decline to address them in the free speech context.

The Texas Supreme Court notes in *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015), neither the TCPA or common law define "clear and specific evidence." *Id.* However, it also noted Texas's usual notice-pleading standard might be insufficient to satisfy the TCPA's "clear and specific evidence" requirement, particularly considering the "clear and specific evidence" refers to "a prima facie case for each essential element of the claim in question." *See Lipsky*, 460 S.W.3d at 590 (citing TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c))[Internal quotations omitted]. "'[P]rima facie case' has a traditional legal meaning[,] . . . refer[ring] to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* Prima facie evidence is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004)(per curiam)(quoting *Tex. Tech Univ. Health Sciences Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex.App.—El Paso 1994, writ denied)). "[G]eneral allegations that merely recite the elements of a cause of action . . . will not suffice. Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Lipsky*, 460 S.W.3d at 590-91.

The statute requires the nonmovant to provide *evidence* to make this prima facie showing, which the Supreme Court notes is usually accomplished through affidavits. *Lipsky*, 460 S.W.3d at 590-91.[11] Regardless of the method of evidence used, or whether the evidence is direct or circumstantial, the law requires evidence presented by the nonmovant to satisfy its burden under the statute. *See id.* at 589 (noting that the burden on the nonmovant requires adherence to an evidentiary standard).

---

[11] "Courts are further directed to make that determination [regarding whether the plaintiff satisfied its burden under the Act] early in the proceedings, typically on the basis of the pleadings *and affidavits.*" *Lipsky*, 460 S.W.3d at 590 [Emphasis added].

20

Here, Appellees did not provide any evidence of their claims. Although their amended petition sets forth in reasonable detail the nature of the allegedly defamatory statements made, there is no evidence supporting those allegations. *See Lipsky*, 460 S.W.3d at 591 ("In a defamation case that implicates the TCPA, pleadings *and evidence* that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." [Emphasis added]). Additionally, while the trial court can and should consider the facts alleged in the pleadings in determining whether the nonmovant provided clear and specific evidence of a prima facie case of each essential element of its causes of action, the production of evidence in support of those allegations is also required. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c); *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223 (quoting *Tex. Tech Univ. Health Sciences Ctr.*, 876 S.W.2d at 407); *see also Bedford v. Spassof*, 520 S.W.3d 901, 905-06 (Tex. 2017)(plaintiff failed to provide clear and specific evidence for defamation claim when he failed to produce evidence of damages, and dismissal under TCPA was therefore proper). Neither the pleadings themselves, nor the allegations within them, constitute evidence. *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 898 (Tex.App.—El Paso 2012, no pet.)("[A]llegations contained in pleadings are not evidence, even if sworn or verified[.]"). Accordingly, we need not determine whether Appellees' pleadings sufficiently allege their claims; in the absence of any evidence to support the elements of their causes of action, Appellees fail to satisfy their burden under the TCPA.

Because Appellees' claims implicate the TCPA as being based on or in response to Appellant's right of free speech and/or her right to petition, and because Appellees failed to provide

clear and specific evidence of a prima facie case for each cause of action alleged, we find the trial court erred in denying Appellant's motion to dismiss in its entirety by operation of law.

Appellant's sole issue is sustained.

**CONCLUSION**

We find as follows:

1. Regarding the TCPA's applicability to Appellees' claims against Appellant:

    a. Appellees' claims for defamation and IIED are based upon or in response to statements Appellant made regarding the alleged sexual assault, the TCPA applies because such communications involve a matter of public concern and thus pertain to Appellant's exercise of the right of free speech;

    b. Appellees' claims for defamation and IIED are based upon or in response to statements Appellant made to law enforcement, the TCPA applies because making a report to law enforcement pertains to Appellant's exercise of the right to petition;

    c. Appellees' claims for defamation and IIED are based upon or in response to statements Appellant made in or concerning proceedings with the Texas Workforce Commission, the TCPA applies because such communications were made in a proceeding before a department of the state government or a subdivision of the state government, and/or a communication in or pertaining to a proceeding of the governing body of any political subdivision of this state, and thus pertain to Appellant's exercise of the right to petition;

    d. The TCPA applies to Appellees' claims for unjust enrichment and conversion because Appellees filed them in response to Appellant's original motion to dismiss, which is an exercise of her right to petition.

2. Appellant has shown by a preponderance of the evidence the TCPA applied to the above causes of action in the scope outlined above. Thereafter, Appellees failed to meet their burden to show by clear and specific evidence a prima facie case of each essential element of the alleged causes of action.

3. Because Appellees failed to meet their evidentiary burden, the trial court erred by failing to grant the motion for dismissal on the causes of action to the extent they are subject to the TCPA.

4. With respect to Appellees' defamation and IIED claims that are based on or in response to statements of Appellant not covered by the TCPA as set forth above, the trial court did not err in denying Appellant's motion to dismiss.

We therefore reverse the trial court's denial of Appellant's motion in part and render judgment in favor of Appellant as follows:

1. Appellees' claims for defamation and IIED, to the extent based on or in response to statements made by Appellant regarding the alleged assault or her report of it to law enforcement, are dismissed.

2. Appellees' claims for defamation and IIED, to the extent based on or in response to statements made by Appellant in or concerning her proceedings with the Texas Workforce Commission, are dismissed.

3. Appellees' claims for conversion and unjust enrichment are dismissed.

We further remand this case to the trial court for further proceedings consistent with this opinion.


September 14, 2021
                                    YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.